United States District Court
Southern District of Texas
**ENTERED**
March 10, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **ERIC BROWN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:24-cv-3690** |
| | § | |
| **GENESIS FINANCE,** | § | |
| | § | |
| **Defendant.** | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

Pending before the Court is Plaintiff Eric Brown's ("Brown") Petition for Vacatur of Arbitration Award (ECF No. 1), Motion for Judicial Notice (ECF No. 13), Motion in Limine (ECF No. 16), and Motions to Vacate (ECF Nos. 35, 37) and Defendant Hyundai Capital America, d/b/a Genesis Finance's ("HCA") Motion to Dismiss Petition for Vacatur, Motion to Confirm Arbitration Award, and Brief in Support Thereof ("Motion to Confirm Arbitration Award") (ECF No. 18).[1] Based on a review of the motions, arguments, and relevant law, the Court **RECOMMENDS** Brown's Petition for Vacatur of Arbitration Award (ECF No. 1) be **DENIED**,[2] Brown's Motion for Judicial Notice (ECF No. 13) be

---

[1] On October 21, 2024, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 15).

[2] A party seeking vacatur of an arbitration award is instructed to file a motion rather than a complaint. 9 U.S.C. § 6 ("Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided."). Here, the Court construes Brown's Petition for

**DENIED**, Brown's Motion in Limine (ECF No. 16) be **DENIED**, Brown's Motions to Vacate (ECF Nos. 35, 37) be **DENIED**, and HCA's Motion to Confirm Arbitration Award (ECF No. 18) be **GRANTED**.

## I.    Background

On September 30, 2024, Brown filed suit against HCA, seeking to vacate an arbitration award against him.  (*See* ECF No. 1).

On October 13, 2023, Brown purchased a 2023 Genesis G90 (the "Vehicle") from Advantagecars.com.  (ECF No. 1 at 2; ECF No. 18 at 3).  In purchasing the Vehicle, Brown entered into a retail installment sales contract ("RISC").  (ECF No. 1 at 2; ECF No. 18 at 3).  After Brown completed the purchase of the Vehicle, the RISC was assigned to HCA.  (ECF No. 1 at 2; ECF No. 18 at 3).

Brown claims he is damaged by the assignment of the RISC to HCA and that it contains "unconscionable terms."  (ECF No. 1 at 2).  Due to this dispute, the parties agreed to arbitration in accordance with the arbitration clause in

---

Vacatur of Arbitration Award (ECF No. 1) and opposition to HCA's Motion to Confirm Arbitration Award (ECF No. 20) as a motion to vacate the arbitration award under § 10 of the Federal Arbitration Act.  *See Pfeffer v. Wells Fargo Advisors, LLC*, No. 16-cv-8321, 2017 WL 2269541, at *2 (S.D.N.Y. May 23, 2017), *aff'd*, 723 F. App'x 45 (2d Cir. 2018) ("[C]onsidering plaintiff's pro se status, the Court liberally construes plaintiff's complaint and opposition to defendants' motion to dismiss as a motion to vacate the FINRA arbitration award under Section 10 of the Federal Arbitration Act.").  This construction is appropriate because Brown is proceeding *pro se*, his Petition for Vacatur of Arbitration Award specifically seeks an order vacating the award, and he provides argument explaining why vacatur is appropriate.  (*See* ECF No. 1).

the RISC. (*Id.*; ECF No. 18 at 3). Attorney John L. Grayson was appointed as the arbitrator (the "Arbitrator") to handle this dispute. (ECF No. 1 at 2). In August 2024, the Arbitrator issued an award in favor of HCA. (*Id.*). Further, the American Arbitration Association ("AAA") "reviewed and closed the case as dismissed." (ECF No. 1-2 at 2). Brown now moves the Court to vacate the arbitration award. (*See* ECF No. 1).

## II.    Discussion

There are six motions pending before the Court: (1) Brown's Petition for Vacatur of Arbitration Award (ECF No. 1); (2) Brown's Motion for Judicial Notice (ECF No. 13); (3) Brown's Motion in Limine (ECF No. 16); (4) Brown's Motions to Vacate (ECF Nos. 35, 37); and (5) HCA's Motion to Confirm Arbitration Award (ECF No. 18). Brown challenges subject matter jurisdiction; thus, the Court will begin by addressing this jurisdictional issue. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

### A.    Subject Matter Jurisdiction

Brown asserts the Court lacks subject matter jurisdiction. (ECF No. 13 at 2; ECF No. 16 at 2; ECF No. 35 at 3–4; ECF No. 37 at 3). "'The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting

jurisdiction.'" *Peralta v. Garay*, 284 F. Supp. 3d 858, 861 (S.D. Tex. 2018) (quoting *Ramming*, 281 F.3d at 161). Here, HCA argues the Court has subject matter jurisdiction based on diversity. (ECF No. 18 at 2).

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "[A] corporation's citizenship is determined by every state and foreign state in which it is incorporated and every state and foreign state where it has its principal place of business." *PGS USA, LLC v. Popi Trading, Inc.*, No. 16-cv-6669, 2016 WL 4261726, at *2 (E.D. La. Aug. 12, 2016) (citing 28 U.S.C. § 1332(c)(1)). Moreover "a district court has jurisdiction to consider arbitration-related matters only if the court would have jurisdiction over a lawsuit arising out of the controversy between the parties." *LPL Fin. LLC v. Ibarra Rodriguez*, No. 20-cv-3483, 2021 WL 640019, at *1 (S.D. Tex. Feb. 18, 2021) (citing *Vaden v. Discover Bank*, 556 U.S. 49, 52 (2009)). "The amount in controversy for purposes of diversity jurisdiction over a petition to confirm an arbitration award 'is the amount sought in the underlying arbitration.'" *Id.* at *2 (quoting *Pershing, L.L.C. v. Kiebach*, 819 F.3d 179, 182 (5th Cir. 2016)).

Here, the amount in controversy is "[n]o less than $189,414.96 (total sales price) plus interest, fees and costs." (ECF No. 18-2 at 2). Brown resides in Manvel, Texas. (ECF No. 1 at 1). HCA is a California corporation with its

4

principal place of business also in California. (*Id.* at 1; ECF No. 18 at 2). Brown's subject matter jurisdiction argument is that "Denial or Deprivation of due process renders the whole arbitration; proceedings void because the court is deprived of its subject matter jurisdiction [and] Subject matter of jurisdiction has only heard the issue but not the case, there are no facts on record." (ECF No. 13 at 2; ECF No. 16 at 2; ECF No. 35 at 3–4; ECF No. 37 at 3). This argument seemingly does not challenge the Court's subject matter jurisdiction, but rather challenges the validity of the arbitration proceedings. (*See id.*). Although Brown repeatedly disputes subject matter jurisdiction, subject matter jurisdiction is clearly met on the basis of diversity. *See Peralta*, 284 F. Supp. 3d at 861.

### B.    Enforcement of the Arbitration Award

HCA argues Brown fails to state any cognizable basis for relief under § 10 of the Federal Arbitration Act ("FAA") and the arbitration award must be enforced. (ECF No. 18 at 9).

"The [FAA] imposes significant limits on judicial review in order that arbitration will be 'efficient and cost-effective' for the parties." *Householder Grp. v. Caughran*, 354 F. App'x 848, 850 (5th Cir. 2009) (quoting *Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 476 F.3d 278, 280 (5th Cir. 2007)). "'[J]udicial review of an arbitration award is exceedingly deferential,' and '[t]he party seeking to vacate an arbitration award [also] has

the burden of proof, and the court must resolve any doubts or uncertainties in favor of upholding the award.'" *Trmanini v. Ross Stores, Inc.*, No. 3:23-cv-2105, 2024 WL 4958262, at *2 (N.D. Tex. Nov. 8, 2024), *report and recommendation adopted*, No. 3:23-cv-2105, 2024 WL 4965259 (N.D. Tex. Dec. 2, 2024) (quoting *Walker v. Ameriprise Fin. Servs., Inc.*, No. 3:18-cv-1675, 2018 WL 10560518, at *3 (N.D. Tex. Nov. 29, 2018)).

"An arbitration award must be confirmed unless the court determines the award should be vacated under Section 10, or modified or corrected under Section 11, of the FAA." *Householder Grp.*, 354 F. App'x at 850 (citing *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008)). Accordingly, courts are only permitted to vacate an arbitration award under limited circumstances as provided by § 10, including:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

6

*Citigroup Glob. Markets, Inc. v. Bacon*, 562 F.3d 349, 352 (5th Cir. 2009).  As such, the Court will analyze whether Brown has sufficiently pleaded a ground to support vacatur of the arbitration award.

Brown makes three main arguments.  First, Brown argues "the attorney violated his Oath by submitting unverified information which is fraud upon the court by causing the court to rely on faulty information."  (ECF No. 1 at 5).  Brown further explains, "[d]ocuments proffered by respondents are unverified, out of date, irrelevant, and inadmissible."  (*Id.* at 3).  The Court construes this argument under § 10(a)(1) of the FAA, "where the award was procured by corruption, *fraud*, or undue means."  (emphasis added).  "'[A]rbitrators have broad discretion to make evidentiary decisions.'"  *Parker v. J C Penney Corp.*, 426 F. App'x 285, 289 (5th Cir. 2011) (quoting *Int'l Chem. Workers Union, Local 683C v. Columbian Chems. Co.*, 331 F.3d 491, 497 (5th Cir. 2003)).  "And this court typically does not review the adequacy of an arbitrator's evidentiary rulings." *Id.* (citing *Amalgamated Meat Cutters & Butcher Workmen v. Neuhoff Bros.*, 481 F.2d 817, 820 (5th Cir. 1973) (explaining "the arbitrator has great flexibility and the courts should not review the legal adequacy of his evidentiary rulings").  Moreover, "[f]raud requires a showing of bad faith during the arbitration proceedings, such as bribery, undisclosed bias of an arbitrator, or willfully destroying or withholding evidence."  *Matter of Arb. Between Trans Chem. Ltd. & China Nat. Mach. Imp. & Exp. Corp.*, 978 F.

Supp. 266, 304 (S.D. Tex. 1997), *aff'd sub nom. Trans Chem. Ltd. v. China Nat. Mach. Imp. & Exp. Corp.*, 161 F.3d 314 (5th Cir. 1998).

Brown has not alleged how the Arbitrator's reliance on "faulty information" constitutes fraud or which information is allegedly faulty. Moreover, Brown has not alleged bad faith in destroying or withholding evidence. Rather, Brown disagrees with the evidence the Arbitrator relies upon. Courts are not authorized to review evidence on the merits that was presented during the arbitration. *See Parker v. J.C. Penney Corp., Inc.*, No. 4:07-cv-175, 2010 WL 396242, at *3 (E.D. Tex. Jan. 26, 2010), *aff'd sub nom. Parker v. J C Penney Corp.*, 426 F. App'x 285 (5th Cir. 2011). Thus, Brown's fraud argument lacks factual support or specificity to plead fraud. As such, Brown has not met his burden of showing the award was procured by fraud as described in § 10(a)(1) of the FAA.

Second, Brown argues the Arbitrator did not have subject matter jurisdiction. (ECF No. 1 at 4). This argument is without merit as subject matter jurisdiction relates to the Court, not the Arbitrator. The Court has previously determined the Court has subject matter jurisdiction based on diversity.

Third, Brown argues HCA's attorney, John Viard Moore, is not licensed to practice law in the state of Texas, invalidating the arbitration award. (ECF No. 1 at 4). However, as HCA correctly argues, the arbitration was governed

8

by federal law, not Texas law. (*See* ECF No. 18 at 3 (citing ECF No. 18-4 at 14 ("Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and not by any state law concerning arbitration."))). As such, HCA's attorney need not be licensed to practice Texas law and this argument fails.

The Court notes a majority of Brown's Petition for Vacatur of Arbitration Award consists of a large section of case law regarding void judgments and subject matter jurisdiction. (*See* ECF No. 1 at 6–13). However, the referenced case law is not applicable here as it does not analyze the narrow circumstances that allow a Court to vacate an arbitration award.

Thus, Brown has not met his burden of establishing any of the four circumstances in which vacatur of the arbitration award is warranted and the Court recommends HCA's Motion to Confirm Arbitration Award (ECF No. 18) be granted and the arbitration award be confirmed.

### C.    Brown's Motion for Judicial Notice

Brown filed a Motion for Judicial Notice, essentially asking the Court to take judicial notice of all the documents and facts presented in his Petition for Vacatur of Arbitration Award. (ECF No. 13 at 1). Brown then continues to restate the same arguments he made in his Petition for Vacatur of Arbitration Award. (*Id.* at 1–2).

Federal Rule of Evidence 201 provides courts "may take judicial notice of an 'adjudicative fact' if the fact is 'not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned.'" *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998).

Here, the facts and documents set forth in Brown's Petition for Vacatur of Arbitration Award are central to the case and are currently in dispute. As such, it is not appropriate for the Court to take judicial notice of such facts and documents. *See Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 665 (N.D. Tex. 2011) ("However, to the extent the defendant requested that the court take judicial notice of the *contents* of those documents, the court concluded that any facts contained in the petitions, counterclaims, and motion are subject to reasonable dispute and, therefore, not appropriate for judicial notice." (quoting *SB Int'l, Inc. v. Jindal*, No. 306-cv-1174, 2007 WL 1411042, at *2 (N.D. Tex. May 14, 2007)) (quotations omitted) (emphasis in original). The Court recommends Brown's Motion for Judicial Notice be denied.

### D. Brown's Motion in Limine

Brown filed a Motion in Limine (ECF No. 16), which is comprised of the same large section of case law regarding void judgments and subject matter jurisdiction that he provided in his Petition for Vacatur of Arbitration Award.

(*See* ECF No. 1 at 6–9).  However, as established, the referenced case law is not applicable in this matter as it does not analyze the narrow circumstances that allow a Court to vacate an arbitration award.  Even so, Brown does not state what relief he seeks through this Motion in Limine.  As such, the Court recommends Brown's Motion in Limine be denied.

### E.    Brown's Motions to Vacate

Brown filed two Motions to Vacate, in which he makes similar arguments.  (*See* ECF Nos. 35, 37).  Brown argues the Court should vacate its Order (ECF No. 33) granting HCA's Motion to Adjourn Initial Conference Sine Die and for Protective Order to Stay All Discovery (ECF No. 19) ("Motion for Protective Order").  (*See* ECF Nos. 35, 37).  In requesting the Court vacate its Order, Brown argues (1) he did not receive proper notice of HCA's Motion for Protective Order and had no opportunity to respond; and (2) HCA's Motion for Protective Order is substantively and procedurally null and frivolous on its face.  (*See id.*).  Brown also reiterates his arguments that the arbitration is void and the Court lacks subject matter jurisdiction.[3]

With respect to Brown's argument that he did not receive notice of HCA's Motion for Protective Order or have an opportunity to respond, HCA counters

---

[3] The Court will not address the reiterated arguments because Brown makes no new arguments regarding the arbitration decision being void or the Court lacking subject matter jurisdiction.

that its counsel emailed Brown giving notice of its motion, Pacer sent a notification of the filing, and Brown had an opportunity to respond. (ECF No. 36 at 2–4; ECF No. 38 at 2–4).[4]  On October 28, 2024, counsel for HCA emailed Brown stating,

> We are reaching out for a meet and confer regarding our intent to file a motion to adjourn the upcoming scheduling conference and stay all discovery in this case. Our view is that discovery is not going to be needed in the District Court, because if you are successful the case goes back to AAA and discovery will be governed by those rules. If we win, the case is over, and no discovery is needed at all. In either event we don't anticipate a need for the initial conference in this case and would like to save everyone some time. Please let us know if we can file the motion with your consent or if you oppose.

(ECF No. 36-2 at 2).  The next day, Brown responded to HCA's email stating, "Unless you want to meet to discuss a settlement offer.  I will be moving forward to get a determination in the District Court because I know that your plan is to try to rape me again in the AAA arbitration." (*Id.*).  As such, it is clear HCA notified Brown regarding its intent to file its Motion for Protective Order.

Further, HCA has shown Brown received notice of its Motion for Protective Order through an email Pacer sent, which included notice being sent to Brown's email address. (*See* ECF No. 36-3).  Accordingly, Brown's argument

---

[4] The Court acknowledges that HCA's responses to Brown's motions to vacate contain substantially the same arguments. (*See* ECF Nos. 36, 38).  To avoid repetition, the Court will refer to (ECF No. 36).

that he did not have an opportunity to respond fails as he received notice of the motion through HCA's counsel's email and the Pacer email; thus, having an opportunity to file a response.

Brown next argues HCA's Motion for Protective Order is substantively and procedurally null and frivolous on its face. (ECF No. 35 at 2; ECF No. 37 at 2). The only authority Brown offers in support of this argument is *Trinsey v. Pagliaro*, 229 F. Supp. 647 (E.D. Pa. 1964) ("*Trinsey*"). (ECF No. 35 at 3). However, the court in *Trinsey* held "[t]he defendants' motion to dismiss for failure to state a claim unsupported by affidavits or depositions is incomplete because it requests this Court to consider facts outside the record which have not been presented in the form required by Rules 12(b)(6) and 56(c)." *Id.* at 649. This holding is not applicable here because the Motion for Protective Order in dispute is not a motion to dismiss and HCA does not rely on facts outside of the record. Rather, HCA provides case law and an explanation as to why adjournment of the initial conference and stay of discovery is favored. (*See* ECF No. 19). As such, Brown has not provided authority or facts warranting vacatur of HCA's Motion for Protective Order and the Court recommends Brown's Motions to Vacate be denied.

## III.    Conclusion

Based on the foregoing, the Court **RECOMMENDS** Brown's Petition for Vacatur of Arbitration Award (ECF No. 1) be **DENIED**, Brown's Motion for

Judicial Notice (ECF No. 13) be **DENIED**, Brown's Motion in Limine (ECF No. 16) be **DENIED**, Brown's Motions to Vacate (ECF Nos. 35, 37) be **DENIED**, and HCA's Motion to Confirm Arbitration Award (ECF No. 18) be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on March 7, 2025.

Richard W. Bennett
United States Magistrate Judge